UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW J. TUTEIN, Individually and on Behalf of All Other Persons Similarly Situated,

            Plaintiff,

v.

ESTEEMED PATROL INC., RUDOLPH R. CAPUTO JR., ABC CORPORATIONS #1-10, and JOHN DOES #1-10, Jointly and Severally,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:12-CV-1847 (KAM) (RER)

**NOTICE OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT, AND SCHEDULING OF FAIRNESS HEARING**

<u>PLEASE TAKE NOTICE</u> that Plaintiff Tutein moves the Court for the following relief in this Fair Labor Standards Act collective action and putative New York Labor Law class action: (1) preliminarily approving the class-wide settlement and certifying the settlement class; (2) appointing Plaintiff's Counsel as Class Counsel; (3) approving the Settlement Notice and Claim Form and direct their distribution; and (4) scheduling a final fairness hearing.

In support of this motion, Plaintiff Tutein shall rely upon the accompanying (1) Memorandum of Law and (2) the Declaration of Plaintiff's counsel Douglas B. Lipsky and the exhibits thereto.  Defendants do not oppose this motion.

A proposed Order is attached hereto Exhibit A.

Dated: New York, New York
August 14, 2014

                            Respectfully submitted,

                            BRONSON LIPSKY LLP

                            By <u>s/ Douglas B. Lipsky</u>
                               Douglas B. Lipsky
                            630 Third Avenue, Fifth Floor
                            New York, New York 10017
                            Phone:  212.392.4772
                            Fax:  212.444.1030
                            dl@bronsonlipsky.com

                            *Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW J. TUTEIN, Individually and on Behalf
of All Other Persons Similarly Situated,

              Plaintiff,

    v.

ESTEEMED PATROL INC., RUDOLPH R.
CAPUTO JR., ABC CORPORATIONS #1-10, and
JOHN DOES #1-10, Jointly and Severally,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:12-CV-1847 (KAM) (RER)

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

       WHEREAS, the class action, *Andrew J. Tutein v. Esteemed Patrol Inc. and Rudolph R. Caputo Jr.,* Civil Action Number 1:12-cv-1847 (KAM) (RER) ("Action"), is currently pending before this Court;

       WHEREAS, the parties have made an application under Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) for an order approving a settlement of the claims alleged in the Action, in accordance with a Settlement Agreement and General Release dated May__, 2014 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Action against Esteemed Patrol Inc. and Rudolph R. Caputo Jr. ("Defendants") and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto; and

       WHEREAS, for purposes of this Order, the Court adopts and incorporates the definitions set forth in the Agreement including:

Settlement Class:  All individuals whom Defendants have employed or are employing who hold or held the title of "security guard" or "dispatch guard" at any time from April 11, 2006 to March 19, 2014.  Agreement ¶ 2.

Authorized Claimant:  Any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement.  Agreement ¶ 3.

Bar Date:  The date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the members of the Settlement Class.  Members of the Settlement Class must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant.  Agreement ¶ 6.

Settlement Notice:  The notice substantially in the form attached as Exhibit A to the Agreement (and Exhibit A to this Order) to be directed to the Settlement Class Members that notifies and explains the Agreement's terms and Settlement Class Members' options with respect to the Agreement, which is to be sent to the Settlement Class following preliminary approval of the Agreement.  Agreement ¶ 38.

Claim Form:  The Proof of Claim, which is to be mutually agreed upon by the Parties and is to be used by Settlement Class Members who choose to file a claim in the Action.  A copy of the Claim Form is attached as Exhibit B to the Agreement (and Exhibit B to this Order).  Agreement ¶ 5.

Claim Submission Period:  The period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date. Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant.  Agreement ¶ 7.

Claims Administrator:  The claims administration firm agreed upon by the Parties, who will perform all of the administrative duties set forth in paragraphs 51, and 53 through 55 of the Agreement.  Agreement ¶ 8.  The Claims Administrator is designated by the Parties to be Simpluris, Inc.

Released Parties:  Defendants, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and

any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action. Agreement ¶ 33.

<u>Final Effective Date</u>:  The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date passes; (iii) the Final Fairness Hearing Occurs; (iv) the Court enters a Final Approval Order; (v) the deadline passes without action for counsel for the Parties to terminate the Agreement; and (vi) the time to appeal from the Final Approval Order expires and no Notice of Appeal is filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order remains intact in all material respects. Agreement ¶ 18.

<u>Settled Claims</u>:  Any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiffs or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between April 11, 2006 to March 19, 2014 in connection with being employed by Defendants, that are either or both:  (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.  The Final Judgment shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Settled Claims in the future.  Agreement ¶ 41.

<u>Final Fairness Hearing</u>:  Means the hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as are contemplated by this Agreement. Agreement ¶ 19.

IT IS ON THIS ___ DAY OF _____ 2014, HEREBY

ORDERED AS FOLLOWS:

1.     The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interest of Plaintiffs and the Settlement Class Members.

2. The Court hereby preliminarily certifies the Settlement Class under Fed R. Civ. P. 23(a) and (b)(3), for settlement purposes only, as described in the Agreement, subject to the entry of the Final Order and Judgment as provided in the Agreement. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission on the part of Defendants that this Action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to Defendants' rights to oppose certification of a class in this Action, and/or to seek decertification or modification of a class should the proposed Settlement Agreement not become final. If, for whatever reason, the Settlement Agreement does not become final, the Parties' stipulation to collective action and class certification as part of the Settlement Agreement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

3. Based on the parties' submissions, the Court hereby appoints Douglas B. Lipsky of Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates as Class Counsel under Fed. R. Civ. P. 23(g) as they will fairly and adequately represent the interests of the Settlement Class Members.

4. The Final Fairness Hearing shall be held no earlier than one hundred thirty (130) calendar days from the date of this Order. The Hearing shall be scheduled before this Court, on _____, 2014, at _____ at the United States District Court Eastern District of New York, U.S. Courthouse, 225 Cadman Plaza East, Courtroom N6G North, Brooklyn, New York 11201, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement are fair, just, reasonable, adequate and in the best interest of the Settlement Class Members, and

should be approved by the Court; and whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered.

5. The Court approves, as to form and content, the Notice of Settlement and Claim Form, attached as Exhibits A and B to the Agreement and this Order, and finds the mailing and distribution of the Notice of Settlement and Claim Form to constitute the best notice practicable under the circumstances, meet the requirements of due process and constitute valid, due and sufficient notice to all persons in the Settlement Class, complying fully with the requirement of Fed. R. Civ. P. 23, the Fair Labor Standards Act, the Constitution of the United States and any other applicable laws, as appropriate.

6. The Claims Administrator, Simpluris Inc., is hereby authorized to administer the notice procedure as set forth in the Agreement.

7. Settlement Class Members are entitled to object to the (i) approval of the terms and conditions of the Agreement, (ii) the judgment to be entered thereon if the same is approved, or (iii) the attorneys' fees and expenses to be awarded to Class Counsel. For Settlement Class Members to make any such objection, they must, personally or through an attorney, file a signed written objection with the Clerk of the United States District Court Eastern District of New York and mail a copy of their objection to Class Counsel and Counsel for Defendants. Any statement of position or objection shall be signed, state the objector's name, address and telephone numbers and include any supporting documents. The statement of position shall also identify any and all witnesses, documents, and other evidence of any kind to be presented at the Final Fairness Hearing in support of the statement of position or objection, as well as the substance of the testimony to be given by any witness. Additionally, any Settlement Class Member who has served and filed objections as set forth in the first sentence of this

paragraph, may appear at the Final Fairness Hearing and show cause to the Court, if he or she has any reason why the proposed settlement of the claims alleged in the Action should or should not be approved as fair, just, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested attorneys' fees, costs and expenses, should or should not be awarded as requested.

8. For the objection to be considred timely, they must be postmarked on or by sixty (60) calendar days from when the Claims Administrator mails the Notice of Settlement and Claim Form.

9. Any Settlement Class Member who does not make his or her objection in the manner as provided in paragarphs 7 and 8 of this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement, and the award of attorneys' fees, costs and expenses to Class Counsel, and the award of an incentive payment for the named Plaintiffs, unless otherwise ordered by the Court.

10. All additional papers in support of the Agreement receiving final approval, for the approval of the Named Plaintiff's serivce award and for Class Counsel's attorneys' fees and expenses application shall be filed and served with the Court by _____.

-7-

11. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Claims Administrator shall send notice of any such adjournment to any Settlement Class Member who has timely filed an objection to the settlement, consistent with the terms of the Agreement. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

SO ORDERED:

Dated: Brooklyn, New York
_____, 2014

_____
The Honorable Kiyo A. Matsumoto, U.S.D.J.

**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW J. TUTEIN, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiff,

v.

ESTEEMED PATROL INC., RUDOLPH R. CAPUTO JR., ABC CORPORATIONS #1-10, and JOHN DOES #1-10, Jointly and Severally,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:12-CV-1847 (KAM) (RER)

**NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
AND FINAL FAIRNESS HEARING**

**TO:  ALL INDIVIDUALS WHOM ESTEEMED PATROL INC. AND RUDOLPH R. CAPUTO JR. HAVE EMPLOYED OR ARE EMPLOYING WHO HOLD OR HELD THE TITLE OF "SECURITY GUARD," "DISPATCHER," OR "DISPATCH GUARD" AT ANY TIME FROM AUGUST 7, 2006 TO MARCH 19, 2014.**

Based on information in the records of Esteemed Patrol Inc. ("Esteemed Patrol"), you were employed as a security guard, dispatcher or dispatch guard at any time from August 7, 2006 to March 19, 2014 (the "Covered Period") and are eligible to participate in the proposed settlement of the case captioned *Andrew J. Tutein v. Esteemed Patrol Inc., Rudolph R. Caputo Jr.*, Case No. 1:12-cv-1847 (KAM) (RER) (U.S. District Court Eastern District of New York) (the "Action").

**PLEASE READ THIS NOTICE CAREFULLY.**  It contains important information about your rights concerning the settlement of the Lawsuit. If the Court approves the settlement, you will be bound by its terms unless you affirmatively opt out of the settlement.

1.  **WHAT IS THE PURPOSE OF THIS NOTICE?**

The Court has ordered that this Notice be sent to you because you worked for Esteemed Patrol as a security guard, dispatcher or dispatch guard at any time from August 7, 2006 to March 19, 2014. The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit. A claim form is enclosed for you to execute and return to the Claims Administrator (as discussed below in paragraph 4) in order to recover your settlement

amount.  We have provided you a pre-paid envelope for this purpose.  **If you do not return the claim form on or before the deadline, you will <u>not</u> receive your share of the settlement.**

**2.    WHAT IS THIS CASE ABOUT?**

A former employee (the "Named Plaintiff") filed the Action pursuant to the New York labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA") alleging that Esteemed Patrol failed to pay its employees all earned wages and overtime pay, reimburse them for uniform-related expenses, and provide its employees with legally required notices.

Esteemed Patrol denies these allegations and maintains that it properly paid all security guards, dispatchers and dispatch guards for all hours worked, that these individuals received all monies to which they were entitled, and complied with all recordkeeping requirements.

Esteemed Patrol does not discourage your participation in the Settlement, and the law strictly prohibits Esteemed Patrol from retaliating against you for participating in the Settlement.

The attorneys for the Class ("Class Counsel") in this Action are:

> Douglas Lipsky
> BRONSON LIPSKY LLP
> 630 Third Avenue, Fifth Floor
> New York, New York 10017-6705
> Phone:  212.392.4772
> Email:  dl@bronsonlipsky.com
>
> *Attorney for Plaintiff*

You may enter an appearance through separate counsel of your choosing whom you retain at your own expense.

**3.    WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT? HOW WILL MY SHARE OF THE SETTLEMENT BE CALCULATED?**

If the Court gives the Settlement final approval, Esteemed Patrol will pay a maximum of $210,000.00 in total settlement funds.  If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $210,000.00 prior to distribution of the settlement funds to Class Members who submit timely and valid Claim Forms ("Authorized Claimants"):

•    Attorneys' Fees and Costs:  Class Counsel will apply to the Court for recovery of costs not to exceed $3,132.77 and attorneys' fees of $70,000.00 (1/3 of the Settlement) from the Settlement Fund.  This amount will be requested pursuant to the Named Plaintiff's professional services agreement.

•    Service Payment: If the Court approves such payment, $10,000.00 will be paid to Andrew Tutein.  This payment is being made in recognition of the many hours of services

he contributed on behalf of the Settlement Class, which includes several meetings and teleconferences with Class Counsel, preparing for and having his deposition taken, drafting and reviewing Court filings and attending multiple mediation conferences with the Court.

If the Court approves these payments, then after these payments are deducted for, among other things, attorneys' fees and costs, the remaining Settlement Fund (the "Net Settlement Sum" or "NSS") will be distributed based on two calculations.

<u>Individual Settlement Payment.</u>  This calculation reflects how many weeks you worked for Esteemed Patrol and is based on the following formula:  the total number of weeks you worked will be divided by the total number of weeks worked by all of the Settlement Class members during the relevant time period; this percentage will then be multiplied by the Net Settlement Sum.  This amount is called your "Individual Settlement Payment."  This is the amount listed on your Claim Form.

The following example illustrates this formula.  For this example: the Authorized Claimant worked 100 weeks; the Settlement Class Members Worked 2,000 weeks; the Net Settlement Sum equals $125,000.00.

Step one:  100 (Authorized Claimant's weeks worked) / 2,000 (Settlement Class Members' total weeks worked) = 5% (Authorized Claimant's Percentage of the NSS).

Step two:  5% (Authorized Claimant's Percentage of the NSS) x $125,000.00 (NSS) = $6,250.00 (Individual Settlement Payment).

<u>Reversion Payment.</u>  This calculation is based on how much of the Net Settlement Sum is left over based on Settlement Class Members not filing timely or valid claim forms or opting out of the settlement.  This amount is called the "Reversion."  The cost of administering this settlement (*e.g.*, mailing this notice, mailing you the check, confirming everyone's address) is being paid from the Reversion to the extent the Reversion is greater than the administration cost.

If the administration cost is greater than the Reversion, the entire Reversion will be allocated to pay for the administration cost and Esteemed Patrol will be responsible for the balance.  If the Reversion is greater than the administration cost: the administration cost will be paid in full from the Reversion; $10,000.00 will revert back to Esteemed Patrol; and the remainder of the Reversion will be distributed equally between the Authorized Claimants and Esteemed Patrol, with 50% of the remaining Reversion being allocated to the Authorized Claimants and the remaining 50% reverting back to Esteemed Patrol.

The amount of the remaining Reversion will be allocated to you (if you are an Authorized Claimant) based on the following formula: your Individual Settlement Payment is divided by the total Individual Settlements for every Authorized Claimant; this percentage is then multiplied by the Reversion to calculate your share of the Reversion.  This is called the "Reversion Payment." Because the Reversion Payment is based on who submits a valid Claim Form, Class Counsel will not know how much your Reversion Payment is until after the Claim Submission Period deadline (explained below in paragraph 4).  Also, if every Settlement Class Member submits a timely and valid Claim Form, nobody will receive a Reversion Payment.  Similarly, if the cost of administering the settlement is greater than the Reversion, nobody will receive a Reversion

Payment.  Accordingly, the total amount you will receive will be greater than the Individual Settlement Payment listed on the Claim Form only if there are Reversion Payments.

If you are an Authorized Claimant, the total amount you will receive under this Settlement is your Individual Settlement Payment plus your Reversion Payment (if any).

The following example illustrates this formula.  For this example: the Authorized Claimant's Individual Settlement Payment is $6,250.00; total Individual Settlement Payments for every Authorized Claimant is $80,000.00; Reversion is $45,000.00; Settlement Administration costs are $15,000.00; $10,000.00 of the Reversion reverts back to Defendants, leaving $20,000.00 to be divided between the Defendants and Authorized Claimants; $10,000.00 of the remaining Reversion after Settlement Expenses reverts to Defendants and the other remaining $10,000.00 is distributed amongst the Authorized Claimants.

Step one:  $6,250.00 (Individual Settlement Payment) / $80,000.00 (Total Individual Settlement Payments for Every Authorized Claimant) = 7.8125% (Authorized Claimant's Percentage of Total Settlement Payments).

Step two:  7.8125% (Authorized Claimant's Percentage of Total Settlement Payments) x $10,000.00 (Reversion) = $781.25 (Reversion Payment).

If you are an Authorized Claimant, then (1) 50% of the payment made to you from the Settlement Fund shall be (a) deemed taxable, wage income paid under an IRS Form W-2, and (b) subject to ordinary payroll withholdings; and (2) 50% of the payments made to you from the Settlement Fund shall be attributed to alleged liquidated damages and reported on an IRS Form 1099.  You will ultimately receive one check that reflects all of these calculations.

The Settlement will be paid out in two equal distributions:  the first distribution being made 30 calendar days after the effective date; and the second distribution being made 60 calendar days after the effective date.  The "effective date" is the first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date has passed; (iii) the Court entered a Final Approval Order; (iv) the deadline has passed without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred.

You and all other Authorized Claimants will be paid in the order your valid Claim Form is received.  If your settlement payment is greater than the remaining balance being paid in the first distribution, your payment will be made in the second distribution.  For example, if you submitted your Claim Form in time to be paid in the first distribution, but your paymet exceeds the money left in the first distirbution, you will be paid in-full in the second distribution..

The Court did not decide which side was right.  Both sides agreed to the settlement to resolve the case, and avoid further disputes, inconvenience, and expense.  The Settlement is not to be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Esteemed Patrol.

4. **HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?**

**In order to collect your share of the settlement, you must completely fill out and submit a claim form**. Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [INSERT BAR DATE], 2014, to:

> Simpluris, Inc.,
> Class Action Settlement Administration
> 3176 Pullman Street, Suite 123
> Costa Mesa, California 92626.

By filling out this claim form, you will also be joining this case under the FLSA (this sometimes referred to as "opting-in").

5. **WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

By operation of the entry of the Final Judgment and Final Approval, you will fully release Esteemed Patrol and Rudolph R. Caputo Jr. from any and all claims for relief, whether suspected or unsuspected, which you have had, now have, or may have in the future against them for any acts occurring between August 7, 2006 to March 19, 2014 in connection with being employed by them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). This includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

6. **HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?**

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement. To opt-out of the Settlement Agreement you must do so by [INSERT BAR DATE]. If you do not opt-out, you will be bound by the terms of the Settlement Agreement. To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN ***TUTEIN v. ESTEEMED PATROL INC.***," postmarked no later than [INSERT BAR DATE]. You must include your name and address in the letter. If you choose to opt-out, send your letter to:

> Simpluris, Inc.
> Class Action Settlement Administration
> 3176 Pullman Street, Suite 123
> Costa Mesa, California 92626.

**7.     WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?**

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Section 8 below, you must first do so in writing.  Written objections must be mailed to the Court and copies of your objection must be mailed to Class Counsel and Esteemed Patrol's Counsel to the following addresses:

<u>Clerk of the Court:</u>
U.S. District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Class Counsel:</u>
Douglas Lipsky, Esq.
BRONSON LIPSKY LLP
630 Third Avenue, Fifth Floor
New York, New York 10017
Phone:  212. 392.4772
Fax:  212.444.1030

<u>Esteemed Patrol's Counsel:</u>
Avrom R. Vann, Esq.
AVROM R. VANN, P.C.
420 Lexington Avenue - Suite 2806
New York, New York 10170-0002
Phone: 212.382.1700
Fax: 212.661.6976

Your objections must be postmarked by [INSERT BAR DATE].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of ***TUTEIN v. ESTEEMED PATROL INC.,*** Case No. 1:12-cv-1847.  If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing.  If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.  The Parties may file with the Court written responses to any filed objections.  You cannot object to the Settlement and opt-out of the Settlement Class.  If you opt-out, you have no basis to object because the case no longer affects you.

**8. WHEN IS THE FINAL FAIRNESS HEARING?**

A hearing before the Honorable Kiyo A. Matsumoto, U.S.D.J., will be held on _____ at _____ at the United States District Court Eastern District of New York, 225 Cadman Plaza East, Courtroom S905, Brooklyn, New York 11201 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

**9. HOW CAN I EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. Additionally, if you have questions about this Notice or want additional information, you can contact class counsel:

>Douglas B. Lipsky
>BRONSON LIPSKY LLP
>630 Third Avenue, Fifth Floor
>New York, New York 10017
>Phone: 212.392.4772.

YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS.

**EXHIBIT B**
**INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM**

*Tutein v. Esteemed Patrol Inc., Rudolph R. Caputo Jr.*, 1:12-cv-1847 (KAM) (RER)

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE, SIGN AND RETURN THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [BAR DATE], 2014**

| **CORRECTIONS OR ADDITIONAL INFORMATION** |
|---|
| Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please provide your name and address here: |

| **Telephone Number:** |
|---|

    The records of Esteemed Patrol Inc. ("Esteemed Patrol") indicate that Esteemed Patrol employed you in an hourly position, sometime between August 7, 2006 and March 19, 2014, and that you worked as a security guard, dispatcher and/or dispatch guard during this period for a total of _____ weeks. Based on these records, your estimated claim at this point is roughly a minimum of $_____less applicable taxes. If you wish to dispute these figures, please contact Douglas B. Lipsky at 212.392.4772. Only written evidence/documentation will be considered in such a dispute and must be submitted by [BAR DATE].

    Provided that you timely submit this Claim Form, your award shall be determined based upon the duration of your employment at Esteemed Patrol, as further described in the Notice of Proposed Settlement of Class Action Lawsuit that accompanies this Claim Form. And your award might be greater than the amount listed above if Reversion Payments are issued to the Settlement Class Members. The amount of your award may be subject to tax withholdings.

    By signing, you are opting-into this case under the Fair Labor Standards Act, you are acknowledging that the weeks worked as set forth above are true and correct to the best of your knowledge and belief and you are executing a release of claims, which includes all claims you have had, now have, or may have in the future against Esteemed Patrol and Rudolph R. Caputo Jr. for any acts occurring between August 7, 2006 and March 19, 2014 in connection with being employed by them, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act and the New

-2-

York Labor Law. This includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief.

Date: _____    _____
                                                                                    (Sign your name here)

-2-