UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW J. TUTEIN, Individually and on Behalf of All Other Persons Similarly Situated,

     Plaintiff,

  v.

ESTEEMED PATROL INC., RUDOLPH R. CAPUTO JR., ABC CORPORATIONS #1-10, and JOHN DOES #1-10, Jointly and Severally,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:12-CV-1847 (KAM) (RER)

### NOTICE OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT, AND SCHEDULING OF FAIRNESS HEARING

PLEASE TAKE NOTICE that Plaintiff Tutein moves the Court for the following relief in this Fair Labor Standards Act collective action and putative New York Labor Law class action: (1) preliminarily approving the class-wide settlement and certifying the settlement class; (2) appointing Plaintiff's Counsel as Class Counsel; (3) approving the Settlement Notice and Claim Form and direct their distribution; and (4) scheduling a final fairness hearing.

In support of this motion, Plaintiff Tutein shall rely upon the accompanying (1) Memorandum of Law and (2) the Declaration of Plaintiff's counsel Douglas B. Lipsky and the exhibits thereto. Defendants do not oppose this motion.

A proposed Order is attached hereto Exhibit A.

Dated: New York, New York
February 10, 2015

               Respectfully submitted,
               BRONSON LIPSKY LLP

               By  s/ Douglas B. Lipsky
                 Douglas B. Lipsky
               630 Third Avenue, Fifth Floor
               New York, New York 10017
               Phone:  212.392.4772
               Fax:  212.444.1030
               dl@bronsonlipsky.com

               *Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

ANDREW J. TUTEIN, Individually and on Behalf of All Other Persons Similarly Situated,

           Plaintiff,

   v.

ESTEEMED PATROL INC., RUDOLPH R. CAPUTO JR., ABC CORPORATIONS #1-10, and JOHN DOES #1-10, Jointly and Severally,

           Defendants.

------------------------------------x

ECF CASE

No.: 1:12-CV-1847 (KAM) (RER)

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

      WHEREAS, the class action, *Andrew J. Tutein v. Esteemed Patrol Inc. and Rudolph R. Caputo Jr.,* Civil Action Number 1:12-cv-1847 (KAM) (RER) ("Action"), is currently pending before this Court;

      WHEREAS, the parties have made an application under Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) for an order approving a settlement of the claims alleged in the Action, in accordance with a Settlement Agreement and General Release dated February 10, 2015 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of the Action against Esteemed Patrol Inc. and Rudolph R. Caputo Jr. ("Defendants") and for dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto; and

      WHEREAS, for purposes of this Order, the Court adopts and incorporates the definitions set forth in the Agreement including:

Settlement Class: All individuals whom Defendants have employed or are employing who hold or held the title of "security guard" or "dispatch guard" at any time from April 11, 2006 to March 19, 2014. Agreement ¶ 2.

Authorized Claimant: Any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement. Agreement ¶ 3.

Bar Date: The date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the members of the Settlement Class. Members of the Settlement Class must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant. Agreement ¶ 6.

Settlement Notice: The notice substantially in the form attached as Exhibit A to the Agreement (and Exhibit A to this Order) to be directed to the Settlement Class Members that notifies and explains the Agreement's terms and Settlement Class Members' options with respect to the Agreement, which is to be sent to the Settlement Class following preliminary approval of the Agreement. Agreement ¶ 38.

Claim Form: The Proof of Claim, which is to be mutually agreed upon by the Parties and is to be used by Settlement Class Members who choose to file a claim in the Action. A copy of the Claim Form is attached as Exhibit B to the Agreement. Agreement ¶ 5.

Claim Submission Period: The period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date. Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 7.

Claims Administrator: The claims administration firm agreed upon by the Parties, who will perform all of the administrative duties set forth in paragraphs 53, 55, 56, and 57 of the Agreement. Agreement ¶ 8. The Claims Administrator is designated by the Parties to be Class Action Administration, Inc.

Released Parties: Defendants, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and

any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action. Agreement ¶ 33.

<u>Final Effective Date</u>: The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date passes; (iii) the Final Fairness Hearing Occurs; (iv) the Court enters a Final Approval Order; (v) the deadline passes without action for counsel for the Parties to terminate the Agreement; and (vi) the time to appeal from the Final Approval Order expires and no Notice of Appeal is filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order remains intact in all material respects. Agreement ¶ 18.

<u>Settled Claims</u>: Any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiffs or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between April 11, 2006 to March 19, 2014 in connection with being employed by Defendants, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. The Final Judgment shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Settled Claims in the future. Agreement ¶ 41.

<u>Final Fairness Hearing</u>: Means the hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as are contemplated by this Agreement. Agreement ¶ 19.

IT IS ON THIS ___ DAY OF _____ 2015, HEREBY

ORDERED AS FOLLOWS:

1. The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interest of Plaintiff and the Settlement Class Members.

    2.  The Court hereby preliminarily certifies the Settlement Class under Fed R. Civ. P. 23(a) and (b)(3), for settlement purposes only, as described in the Agreement, subject to the entry of the Final Order and Judgment as provided in the Agreement.  The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission on the part of Defendants that this Action is appropriate for class treatment for litigation purposes.  Entry of this Order is without prejudice to Defendants' rights to oppose certification of a class in this Action, and/or to seek decertification or modification of a class should the proposed Settlement Agreement not become final.  If, for whatever reason, the Settlement Agreement does not become final, the Parties' stipulation to collective action and class certification as part of the Settlement Agreement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

    3.  Based on the parties' submissions, the Court hereby appoints Douglas B. Lipsky of Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates as Class Counsel under Fed. R. Civ. P. 23(g) as they will fairly and adequately represent the interests of the Settlement Class Members.

    4.  The Final Fairness Hearing shall be held no earlier than one hundred thirty (130) calendar days from the date of this Order.  The Hearing shall be scheduled before this Court, on _____, 2015, at _____ at the United States District Court Eastern District of New York, U.S. Courthouse, 225 Cadman Plaza East, Courtroom N6G North, Brooklyn, New York 11201, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement are fair, just, reasonable, adequate and in the best interest of the Settlement Class Members, and

should be approved by the Court; and whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered.

5. The Court approves, as to form and content, the Notice of Settlement and Claim Form, attached as Exhibits A and B to the Agreement, and finds the mailing and distribution of the Notice of Settlement and Claim Form to constitute the best notice practicable under the circumstances, meet the requirements of due process and constitute valid, due and sufficient notice to all persons in the Settlement Class, complying fully with the requirement of Fed. R. Civ. P. 23, the Fair Labor Standards Act, the Constitution of the United States and any other applicable laws, as appropriate.

6. The Claims Administrator, Class Action Administration Inc., is hereby authorized to administer the notice procedure as set forth in the Agreement.

7. Settlement Class Members are entitled to object to the (i) approval of the terms and conditions of the Agreement, (ii) the judgment to be entered thereon if the same is approved, or (iii) the attorneys' fees and expenses to be awarded to Class Counsel. For Settlement Class Members to make any such objection, they must, personally or through an attorney, file a signed written objection with the Clerk of the United States District Court Eastern District of New York and mail a copy of their objection to Class Counsel and Counsel for Defendants. Any statement of position or objection shall be signed, state the objector's name, address and telephone numbers and include any supporting documents. The statement of position shall also identify any and all witnesses, documents, and other evidence of any kind to be presented at the Final Fairness Hearing in support of the statement of position or objection, as well as the substance of the testimony to be given by any witness. Additionally, any Settlement Class Member who has served and filed objections as set forth in the first sentence of this

paragraph, may appear at the Final Fairness Hearing and show cause to the Court, if he or she has any reason why the proposed settlement of the claims alleged in the Action should or should not be approved as fair, just, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested attorneys' fees, costs and expenses, should or should not be awarded as requested.

8. For the objection to be considred timely, they must be postmarked on or by sixty (60) calendar days from when the Claims Administrator mails the Notice of Settlement and Claim Form.

9. Any Settlement Class Member who does not make his or her objection in the manner as provided in paragarphs 7 and 8 of this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement, and the award of attorneys' fees, costs and expenses to Class Counsel, and the award of an incentive payment for the named Plaintiffs, unless otherwise ordered by the Court.

10. All additional papers in support of the Agreement receiving final approval, for the approval of the Named Plaintiff's serivce award and for Class Counsel's attorneys' fees and expenses application shall be filed and served with the Court by:

_____.

-7-

11. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Claims Administrator shall send notice of any such adjournment to any Settlement Class Member who has timely filed an objection to the settlement, consistent with the terms of the Agreement. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

SO ORDERED:

Dated: Brooklyn, New York
_____, 2015

_____
The Honorable Kiyo A. Matsumoto, U.S.D.J.