UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANDREW J. TUTEIN, Individually and on Behalf of All Other Persons Similarly Situated,

       Plaintiff,

  v.

ESTEEMED PATROL INC., RUDOLPH R. CAPUTO JR., ABC CORPORATIONS #1-10, and JOHN DOES #1-10, Jointly and Severally,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:12-CV-1847 (KAM) (RER)

## NOTICE OF PLAINTIFF'S MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT

For the reasons set forth in the Memorandum of Law in Support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the Fair Labor Standards Act Settlement, the June 24, 2015 Declaration of Douglas B. Lipsky ("Lipsky Dec."), and the June 15, 2015 Declaration of Jason A. Dekdebrun of third-party claims administrator Class Action Administration, Inc., Plaintiff Tutein and the Class Members respectfully request the Court enter an Order:

  1.  Granting final certification of the Settlement Class Members;

  2.  Granting final approval of the February 10, 2015 Class Action Settlement and Release Agreement, attached as Exhibit C to the Lipsky Dec.;

  3.  Granting approval of the FLSA Settlement; and

  4.  Granting such other, further, or different relief as the court deems just and proper.

Plaintiff and the Class Members have submitted a Proposed Order, attached hereto as Exhibit A, for the Court's convenience.

Dated: New York, New York
June 24, 2015

                    BRONSON LIPSKY LLP

                    By: s/ Douglas B. Lipsky
                    Douglas Lipsky (DL-9372)
                    630 Third Avenue, Fifth Floor
                    New York, New York 10017-6705
                    Phone: 212.392.4772
                    dl@bronsonlipsky.com

                    *Attorneys for Plaintiff Tutein and the Class Members*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- x

ANDREW J. TUTEIN, Individually and on Behalf of All Other Persons Similarly Situated,

          Plaintiff,

   v.

ESTEEMED PATROL INC., RUDOLPH R. CAPUTO JR., ABC CORPORATIONS #1-10, and JOHN DOES #1-10, Jointly and Severally,

          Defendants.

------------------------------------- x

ECF CASE

No.: 1:12-CV-1847 (KAM) (RER)

**ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENT**

This matter came before the Court on the application of the parties for final approval of the settlement set forth in the February 10, 2015 Settlement and Release Agreement (the "Agreement") relating to the above-captioned class and collective action. The Court having held a Final Fairness Hearing on July 22, 2015 at 11:00 a.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this _____ day of _____, 2015

HEREBY ORDERED THAT:

    1.    For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement, including, but not limited to, the following definitions:

Settlement Class Member: All individuals whom Defendants have employed or are employing who hold or held the title of "security guard" or "dispatch guard" at any time from April 11, 2006 to March 19, 2014. (Agreement ¶ 2).

Authorized Claimant: Any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement. (Agreement ¶ 3).

Gross Settlement Sum: The "Gross Settlement Sum" or "GSS" is Two Hundred Eighty Thousand Dollars and Zero Cents ($280,000.00) and represents the maximum total payment that Defendants will pay under this Agreement for Final Settlement Payments, Class Counsel's Fees, Class Counsel's Costs, and Service Payment. (Agreement ¶ 24).

Net Settlement Sum: Means the Gross Settlement Sum less the amounts awarded to Class Counsel for attorneys' fees and reimbursable expenses, the Service Payment to Named Plaintiff, and the Settlement Expenses (Agreement ¶ 25).

Bar Date: The date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the members of the Settlement Class. Members of the Settlement Class must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant. (Agreement ¶ 6).

Released Parties: Defendants, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action. (Agreement ¶ 33).

Settled Claims: Any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiffs or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between April 11, 2006 to March 19, 2014 in connection with being employed by Defendants, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without

limitations, any claims for unpaid wages, unpaid overtime, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. The Final Judgment shall expressly provide that it covers and bars each and every Settlement Class Member from asserting any Settled Claims in the future. (Agreement ¶ 41).

Class Counsel: Douglas B. Lipsky, Esq., of the law firm Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates.

Final Effective Date: The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date passes; (iii) the Final Fairness Hearing Occurs; (iv) the Court enters a Final Approval Order; (v) the deadline passes without action for counsel for the Parties to terminate the Agreement; and (vi) the time to appeal from the Final Approval Order expires and no Notice of Appeal is filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order remains intact in all material respects. (Agreement ¶ 18).

Claims Administrator: The claims administration firm agreed upon by the Parties, who will perform all of the administrative duties set forth in paragraphs 53, 55, 56, and 57 of the Agreement. The Claims Administrator is designated by the Parties to be Class Action Administration, Inc. (Agreement ¶ 8).

2. This Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. This Agreement is the product of arm's-length settlement negotiations.

3. The notice given to the Settlement Class Members fully and accurately informed them of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members, complying fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

      4.      3 Settlement Class Members properly and timely exercised their opt-out rights in this lawsuit. Under the Agreement, these three Settlement Class Members are not deemed to have released or discharged the Released Parties from any and all Settled Claims.

      5.      1,983 Settlement Class Members did not timely exercise their opt-out rights in this lawsuit. Under the Agreement, these Class Members are conclusively deemed to have released or discharged the Released Parties from, and are permanently enjoined and barred from asserting, either directly or indirectly, against the Released Parties, any and all Settled Claims with one exception: only Settlement Class Members who timely filed a proper Claim Form have waived their FLSA claims; Class Members who did not timely file a Claim Form have not waived their claims under the FLSA. All such matters are hereby finally concluded, terminated and extinguished.

      6.      The Court grants a Service Payment of $10,000.00 to Plaintiff Andrew Tutein from the Gross Settlement Sum. This Service Payment is reasonable in light of the efforts he has expended in furthering the Class Members' interests, and the risks he incurred by becoming and continuing as a litigant.

      7.      The Court grants Class Counsel's Motion for Fees and Costs and awards Class Counsel one-third of the Gross Settlement Sum, equaling $93,333.33, and $3,189.41 in reimbursable expenses. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the risk that Class Counsel undertook in bringing the claims, and the work that Class Counsel will likely have to perform following the entry of this Order.

      8.      The Claims Administrator is directed to provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Shares.

9. The following event series shall be followed in connection with distributing the Individual Payments to the Authorized Claimants (Agreement ¶ 57):

    (i) Within ten (10) calendar days after the Final Effective Date, the Claims Administrator shall promptly provide written notice to Defendants and Class Counsel the number of Authorized Claimants, the total amount to be distributed to the Authorized Claimants and Class Counsel, and the amount each Authorized Claimant will receive (Agreement ¶ 55).

    (ii) Within ten (10) calendar days of the Claims Administrator's written notice to Defendants and Class Counsel of the number of Authorized Claimants and the Settlement Payments owed, Named Defendants shall remit to the Claims Administrator an amount equal to the GSS.

10. Within thirty (30) calendar days after the Effective Date, the Claims Administrator is directed to:

    (i) Mail to Settlement Class Members checks with their respective Settlement Shares in accordance with the allocation plan formula and W-2/1099 allocation described in the Agreement;

    (ii) Mail the $10,000 Service Payment to Plaintiff Tutein;

    (iii) Mail to Class Counsel one-third of the GSS ($93,333.33) for attorneys' fees and $3,189.41 for reimbursable expenses; and

    (iv) Pay all applicable Employee Payroll taxes and Employer Payroll Tax obligations including, but not limited to, the employer share of FICA, FUTA and SUTA

(Agreement ¶ 57).

11. The Court approves up to $23,250.00 to be paid from the Gross Settlement Sum to the Claims Administrator, Class Action Administration, Inc., for its administration fee.

12. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

13. The Court hereby dismisses the above-captioned action in its entirety, with prejudice to Plaintiff Tutein and the Authorized Claimants, and with no further award of attorneys' fees or costs or expenses, except as awarded herein

SO ORDERED.

Dated: Brooklyn, New York
      July _____, 2015

                                                  _____
                                                  The Honorable Kiyo A. Matsumoto, U.S.D.J.